# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWN ROBBINS,
 Appellant,

v.

DEPARTMENT OF THE ARMY,
 Agency.

DOCKET NUMBER
DE-0752-19-0291-I-1

DATE: September 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter C. Rombold, Esquire, Junction City, Kansas, for the appellant.

Eric L. Carter, Esquire, Fort Riley, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action based on his failure to meet a condition of employment (i.e., passing an annual physical ability test (PAT)). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

We affirm the administrative judge's finding that the agency did not wrongly deny the appellant the opportunity to take the alternative walk test.

For the reasons set forth in the initial decision, we agree with the administrative judge's finding that the agency did not wrongly deny the appellant the opportunity to take the 2-mile walk test in lieu of the 1.5-mile run test when he twice underwent, but failed to pass, the PAT in December 2018 and March 2019. Initial Appeal File (IAF), Tab 33, Initial Decision (ID) at 2, 4-9. In particular, the administrative judge properly recognized that Appendix (App.) D-4 of Army Regulation (AR) 190-56, The Army Civilian Police and Security Guard Program, provides that the alternative walk test is permitted for current employees "with long-term medical restrictions or disabilities who cannot perform the run . .  event[], but can otherwise perform the essentials [sic] functions of the job." ID at 5; IAF, Tab 6 at 65, 67. The administrative judge found that the appellant did not diligently seek an appointment with a physician

from the Department of Veterans Affairs (VA) to obtain the medical information that was necessary to be afforded the walk test.[2] ID at 8-9.

On petition for review, the appellant challenges the administrative judge's finding that the agency did not wrongly deny him the opportunity to take the alternative walk test. Petition for Review (PFR) File, Tab 1 at 5-8. Specifically, the appellant argues that the administrative judge failed to recognize that, under AR 190-56, ¶ 3-10, App. C-5, only a physician with Federal status has the authority to determine whether it is appropriate for an employee to take the walk or run test. PFR File, Tab 1 at 5-7. Thus, the appellant claims that the administrative judge incorrectly shifted the burden from the agency to him to obtain a certification from a physician with Federal status and incorrectly required him to do something futile, as only the agency's physicians within its Occupational Health Department could have provided the necessary certification. *Id.* The appellant further reasserts his argument that he already had provided the agency with sufficient medical information under 5 C.F.R. part 339 and that the agency was required under 5 C.F.R. § 339.304(a) to procure or pay for any additional information it had wanted. PFR File, Tab 1 at 7-8; IAF, Tab 25 at 13-14.

After considering the appellant's arguments and reviewing the relevant regulations, we discern no basis to disturb the initial decision.[3] Specifically, AR 190-56, App. C-5(b)(3), provides the following:

> The [Provost Marshal], [Director of Emergency Services], or designated command representative will determine whether an individual with a disability or long-term medical restrictions can take the PAT (including through the use of alternate events) and perform the essential functions of the job. Often, this determination may be

---

[2] It is apparent based on the appellant's assertions that he obtained healthcare and medical services through the VA in his personal capacity. IAF, Tab 25 at 8-10.

[3] Only Appendix D of AR 190-56 was included in the agency file. IAF, Tab 6 at 65-67. Nevertheless, we have been able to access the complete provisions of AR 190-56 through http://www.westlaw.com. *See* 5 C.F.R. § 1201.64 (providing that the Board may take official notice of matters that can be verified).

made based upon written information from an employee's own health care provider. It also may be appropriate to consult with Army medical personnel to obtain any additional documentation necessary for this determination.

*See* AR 190-56, Glossary § I (regarding abbreviations replaced in quoted text). As discussed in the initial decision, the deciding official, who is the Chief of Physical Security in the Directorate of Emergency Services, determined in September 2018 that the appellant's notes from his chiropractor dated July 31, 2017, and August 7, 2018, were not acceptable medical profiles for allowing him to take the alternative walk test. ID at 6-7. We find that the deciding official was authorized to make this determination pursuant to AR 190-56, App. C-5(b)(3).[4] We further find that the deciding official did not abuse his discretion under the circumstances because the appellant's notes on their face did not suggest that he had any long-term medical restrictions or disabilities and because the results of his March 2018 annual physical that was conducted through Occupational Health indicated he had "no limiting conditions."[5] ID at 7; IAF, Tab 24 at 78, Tab 25 at 21-22.

Contrary to the appellant's assertions, we discern no requirement under AR 190-56, App. C-5 for the deciding official to have referred the appellant's notes to Occupational Health. PFR File, Tab 1 at 5. Further, the appellant's reliance on AR 190-56, ¶ 3-10 for such a referral requirement is unavailing. PFR File, Tab 1 at 5. In relevant part, AR 190-56, ¶ 3-10(a) provides that "when the examining provider is not in federal service, the evaluation must be forwarded to a physician having federal status for review and approval." However, when reading this provision in the context of AR 190-56, ¶ 3-10 as a whole, it is clear

---

[4] AR 190-56, Glossary § II provides that the Provost Marshal or Director of Emergency Services can be the Chief of Security.

[5] Although the August 7, 2018 note referenced light duty, the appellant continued to perform his normal duties as a Supervisory Security Guard and he testified that he had no problems performing his normal job duties. ID at 6; IAF, Tab 25 at 22, Tab 32, Hearing Recording (testimony of the appellant).

that the referral requirement only applies to the results of the initial and periodic medical evaluations that are conducted pursuant to the agency's Individual Reliability Program. The procedures for conducting those medical evaluations are set forth in AR 190-56, App. C, and App. C-1(h) clarifies that such medical evaluations are conducted through Occupational Health. Thus, we find that the appellant's own VA-contracted chiropractor did not conduct an "evaluation" within the meaning of AR 190-56, ¶ 3-10(a). ID at 6 n.2. Based on the foregoing, we do not agree with the appellant's argument that the agency was required under AR 190-56, ¶ 3-10, App. C-5 to refer his notes from his chiropractor to the agency's physicians within Occupational Health. PFR File, Tab 1 at 5.

Moreover, we find that the deciding official was authorized to request additional medical information from the appellant under AR 190-56, App. C-5(b)(4), which, when read with App. C-5(b)(3), contemplates that the agency can request additional medical information from individuals concerning their ability to take the PAT. Even if the appellant did not know that Occupational Health ultimately was responsible for approving his medical profile that was necessary for the alternative walk test, ID at 8, we do not agree with his argument that it was futile to obtain additional medical information, PFR File, Tab 1 at 5-6. In particular, the deciding official admitted in his hearing testimony that if, prior to failing the March 2019 run test, the appellant had provided the agency with the more-detailed note from his chiropractor that he submitted in response to his proposed removal, it may have led (after referral to Occupational Health) to him being granted the walk test. ID at 11-12; IAF, Tab 25 at 23, Tab 32, Hearing Recording (testimony of the deciding official).

In addition, we do not agree with the appellant's argument that the agency was required under 5 C.F.R. § 339.304(a) to obtain or pay for the additional medical information it had requested. PFR File, Tab 1 at 7. Specifically, 5 C.F.R. § 339.304(a) provides, "An agency must pay for all medical and/or

psychological and/or psychiatric examinations required or offered by the agency under this subpart, . . . ." We find that this provision does not apply to this case because the record reflects that the agency simply requested additional medical information from the appellant and did not require or offer a medical examination. ID at 7-8. Instead, 5 C.F.R. § 339.304(c) provides that, under such circumstances when no medical examination is required or offered by the agency but the agency requests an employee to provide medical documentation to render an informed management decision, the employee must pay to obtain all relevant medical documentation from his physician or practitioner. We further disagree with the appellant's argument that he already had provided the agency with sufficient medical information for purposes of 5 C.F.R. part 339. PFR File, Tab 1 at 7. As discussed in the initial decision, the deciding official determined that the appellant's notes from his chiropractor were not acceptable to allow him to take the walk test because they lacked a diagnosis, prognosis, and a statement as to the duration of any restrictions. ID at 6-7. We find that this determination is consistent with the definition of "medical documentation" under 5 C.F.R. § 339.104, which specifies that "[a]n acceptable diagnosis must include the information identified by the agency as necessary and relevant to its employment decision."

We affirm the administrative judge's finding that the appellant did not prove his claim of disability discrimination.

The appellant further challenges on review the administrative judge's finding that he did not prove his claim that the agency committed disability discrimination by failing to accommodate his alleged back condition through the alternative walk test. PFR File, Tab 1 at 8-10; ID at 9-10. Even assuming, as the appellant argues, that he is a qualified individual with a disability because of his back condition and that the agency knew he was requesting to take the alternative walk test as a reasonable accommodation, we still agree with the administrative judge's finding that he has not proven his disability discrimination claim.

PFR File, Tab 1 at 8-9; ID at 9-10; *see White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 9 (2013) (observing that, to establish disability discrimination based on a failure to accommodate, an employee must show that (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g), (2) he is a qualified individual with a disability pursuant to 29 C.F.R. § 1630.2(m), and (3) the agency failed to provide a reasonable accommodation).[6]

Specifically, we find that the appellant has not established that the agency violated its duty of reasonable accommodation because the record reflects that he failed to fulfill his obligations in the interactive accommodation process. *See, e.g.*, *White*, 120 M.S.P.R. 405, ¶¶ 11-12 (explaining that, when the existence or nature of a reasonable accommodation is not obvious and the employee fails to respond to the employer's reasonable request for medical information or documentation, an agency will not be found to have violated its duty to provide a reasonable accommodation). Importantly, despite being told why his notes from his chiropractor were not acceptable to allow him to take the walk test, the appellant did not provide the agency with more-detailed information regarding his back condition until after his proposed removal. ID at 7-9, 11-12; *see, e.g.*, *White*, 120 M.S.P.R. 405, ¶¶ 13-14 (declining to find that the agency failed to satisfy an obligation to provide a reasonable accommodation when the appellant did not reply to the agency's response stating that it needed additional information before it could act on his request for accommodation).

Accordingly, we affirm the initial decision.

---

[6] As a Federal employee, the appellant's disability discrimination claim arises under the Rehabilitation Act. *White*, 120 M.S.P.R. 405, ¶ 9 n.4. The standards under the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008, have been incorporated by reference into the Rehabilitation Act. 29 U.S.C. § 791(f); *White*, 120 M.S.P.R. 405, ¶ 9 n.4. Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation.

**NOTICE OF APPEAL RIGHTS**[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.